# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES WESLEY THOMAS, A/K/A
DAVID WESLEY STEWARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72415

**FILED**

DEC 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of home invasion, burglary, and battery constituting domestic violence. Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Senior Judge.

Appellant James Thomas argues that (1) the jury improperly heard a reference to a prior bad act, (2) the State committed prosecutorial misconduct in its rebuttal closing argument, (3) the district court abused its discretion by giving an improper jury instruction, and (4) insufficient evidence supports his convictions. Based upon our review of the record on appeal, we conclude that appellant's arguments lack merit and we affirm appellant's judgment of conviction.

We first address appellant's argument that the jury improperly heard a reference to a prior bad act. Specifically, Shana McCullum, appellant's ex-girlfriend, referred to an altercation on direct examination, which appellant alleges improperly implied to jurors that appellant was a dangerous individual. Appellant did not object to this testimony at trial, and therefore, plain error review applies. *Mitchell v. State*, 124 Nev. 807, 817, 192 P.3d 721, 727-28 (2008). Under this standard, this court can

18-910609

review an error if it was plain and affected the defendant's substantial rights. *Id.* "To show that an error affected substantial rights, the defendant generally must demonstrate prejudice." *Id.*

We are not persuaded that the single utterance of the word "altercation" is unmistakably erroneous. The word "altercation" has various different meanings and implications. Rather than explore the meaning of the word, the prosecutor immediately ended the inquiry and redirected McCullum to only discuss facts pertinent to the instant case. As such, it is neither unmistakable nor clear that the jurors inferred that appellant was a dangerous individual from McCullum's cursory reference to an altercation. Thus, appellant has failed to demonstrate prejudice.

Appellant next contends that the State committed prosecutorial misconduct by implicitly vouching for two witnesses and supplementing the evidence with facts outside the record. "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (footnotes omitted). Because appellant failed to object to both of the prosecutor's comments that he now challenges, we review for plain error. *Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005).

Appellant's first claim of prosecutorial misconduct lacks legal support. Appellant argues that by suggesting that physical injuries are not always immediately visible, the State improperly vouched for McCullum in its rebuttal closing argument. We note that the State's argument was in response to defense counsel's implication that because McCullum had no

visible signs of injury, the alleged battery constituting domestic violence did not occur. This court has held that "when a case involves numerous material witnesses and the outcome depends on which witnesses are telling the truth, reasonable latitude should be given to the prosecutor to argue the credibility of the witness." *Rowland v. State*, 118 Nev. 31, 39, 39 P.3d 114, 119 (2002). Further, "[d]uring closing argument, the prosecution can argue inferences from the evidence and offer conclusions on contested issues." *Jones v. State*, 113 Nev. 454, 467, 937 P.2d 55, 63 (1997). We therefore conclude that the State was permitted to rebut defense counsel's closing argument and argue all reasonable inferences regarding the disputed facts.

Appellant's second claim for prosecutorial misconduct is equally unpersuasive. The State charged appellant with, among other things, felony battery constituting domestic violence – strangulation. To make its case, the State relied on a medical expert's explanation of strangulation, which it later characterized as "fascinating" and "mind-blowing." While appellant contends that the State improperly engaged in witness vouching and offered personal opinions of the evidence, we conclude that the State was merely explaining the medical terminology central to its charge in a relatable manner. We further note that even if this conduct was improper, appellant fails to demonstrate a degradation of his substantial rights or a prejudicial effect, particularly because the jury acquitted appellant of the felony strangulation charge and, instead, convicted him of the lesser offense of battery constituting domestic violence, a misdemeanor.

Next, appellant argues that the district court minimized the State's burden of proof by giving a "no corroboration" jury instruction, despite appellant's objection at trial, thereby abusing its discretion. We rejected an identical argument in *Gaxiola v. State*, stating that "[a] 'no



corroboration' instruction does not tell the jury to give a victim's testimony greater weight, it simply informs the jury that corroboration is not required by law." 121 Nev. 638, 648, 119 P.3d 1225, 1232 (2005). We again reject the argument here and conclude that the district court did not abuse its discretion by providing a jury instruction that was an accurate statement of law. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (providing that the settling of jury instructions is reviewed for an abuse of discretion or judicial error). Appellant additionally argues that the jury instruction was irrelevant to his charges because "no corroboration" instructions apply only in sexual assault cases. We find it unnecessary to determine whether the "no corroboration" instruction applies outside of sexual assault cases at this time because even if the instruction was given in error, such error was harmless here because McCullum's testimony was corroborated by the testimony of her twin sons and two responding officers.

Finally, we reject appellant's argument that the evidence was insufficient to support the jury's verdict. Overwhelming evidence supports the verdict here: McCullum and her sons testified that appellant verbally threatened to kick down the door, proceeded to do so, and then grabbed McCullum by the neck and hit her; appellant was not on McCullum's rental agreement, did not receive mail at McCullum's residence, and never received a key to her house; the jury saw photographic evidence of the damaged front door; and the responding officer testified that the footprints on the door matched appellant's footprints. When viewed in a light most favorable to the prosecution, this evidence could lead a reasonable jury to find the essential elements of home invasion, burglary, and battery constituting domestic violence beyond a reasonable doubt. *See Guitron v. State*, 131 Nev. 215, 221, 350 P.3d 93, 97 (Ct. App. 2015).

Having considered appellant's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Chief Judge, Eighth Judicial District Court
        Hon. Joseph T. Bonaventure, Senior Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

(O) 1947A